Filed 4/2/14  P. v. Aguayo CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b).  This opinion has not been certified for publication or ordered published for purposes of rule 977.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff,<br><br>    v.<br><br>JESUS AGUAYO et al.,<br><br>        Defendants and Appellants;<br><br>DAVID J. PASTERNAK,<br><br>        Real Party in Interest and Respondent. | No. B246406<br><br>(Los Angeles County<br> Super. Ct. VC048452) |

APPEAL from an order of the Superior Court of Los Angeles County.  John Shepard Wiley, Jr., Judge.  Affirmed.

No appearance for Plaintiff.

Ronald E. Wiksell for Defendants and Appellants.

Pasternak & Pasternak and David J. Pasternak for Real Party in Interest and Respondent.

Jesus Aguayo and Sofia Aguayo (appellants) appeal from an order of the trial court approving the first report for interim compensation of respondent, court-appointed receiver David J. Pasternak (receiver). Appellants contend that the trial court abused its discretion in approving hourly compensation to the receiver in an amount greater than that previously approved by the court, and in permitting payments for the receiver's employee of hourly rates that appellants argued were unreasonable. We find no abuse of discretion and affirm.

## BACKGROUND

Appellants have been convicted of 31 felonies in furtherance of a plan to steal title to real property belonging to others. At the same time the People of the State of California (People) initiated criminal proceedings against appellants, the People filed this civil case to enjoin appellants' conduct, obtain restitution for victims, and impose civil penalties. On October 19, 2006, the court in the criminal action appointed a receiver over the real property at issue and over some of appellants' other assets. On April 2, 2007, the court in this matter entered a receivership on the same terms as the order in the criminal action. On July 19, 2007, an order was entered confirming the receiver's appointment.

Although the receiver originally took possession and control of 122 real properties, together with over $1 million on deposit at bank accounts, the number of receivership properties was eventually reduced to approximately 82. On April 10, 2012, the receiver filed his first report and account and notice of motion for issuance of an order approving his first report and approving interim compensation from the commencement of the case through February 29, 2012.

On April 27, 2012, appellants filed an opposition to the receiver's motion. Appellants argued that the receiver overcharged for the services he rendered; was negligent in paying property taxes; was negligent in renting the properties and maintaining the properties at reasonable cost; and overpaid for insurance.[1]

---

[1] The negligence claims raised in appellants' opposition to the receiver's motion have not been addressed in this appeal, therefore we consider these claims to be forfeited. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852 ["'Issues do not have

2

In the opposition, appellants argued that the receiver charged more per hour than permitted by the applicable orders. Appellants pointed to language in the October 19, 2006 order which provided that "'The Receiver may charge as interim fees his standard hourly billing rate, which is currently $440 per hour, plus reimbursements of costs for the Receiver's services.'" Three subsequent orders, including an order appointing receiver dated April 2, 2007, an order confirming receiver's appointment dated July 19, 2007, and an amended order confirming receiver's appointment dated August 9, 2007, all contained identical language. However, without court approval, on April 1, 2007, the receiver began billing $475 per hour, which is $35 more per hour than the court ordered. Beginning in January 2009, the receiver began billing at a rate of $495 per hour, and since January 1, 2011, the receiver had been charging $550 per hour, which is $110 per hour more than the amount stated in the court orders. Appellants also complained that the receiver billed his employee Ellen Phillips (Phillips), who is not a lawyer, at $225 per hour. Appellants argued:

> "Certainly the Receiver is entitled to reimbursement of his costs but if Ms. Phillips costs [the receiver] $225 per hour, on a 40 hour week, 52 weeks a year, [the receiver] would be paying Ms. Phillips $472,500 per year. If he is paying her that amount, Ms. Phillips is overpaid for the job she performs. If he is not paying her that amount, [the receiver] is making an excessive profit for Ms. Phillips' services which is not permitted by the Court orders which are limited to 'reimbursement of costs for Receiver's services.'"

The trial court issued its order granting the receiver's motion on November 13, 2012. The court rejected appellants' argument that the orders entered in the related criminal and civil cases prevented the receiver from charging more than $440 per hour. Instead, the court found that the order "permits [the receiver] to change his standard hourly rate, which was $440 at the time of the order."

a life of their own: If they are not raised or supported by argument or citation to authority, [they are] . . . waived'"].)

The court also rejected appellants' argument that the charges for Phillips's services violated the orders. The court held:

> "[Appellants] argue[] [the receiver] overbilled for Ellen Phillips, a member of [the receiver's] office staff. The trial court has discretion in determining the appropriate compensation for a receiver. (*Melikian v. Aquila, Ltd.* (1998) 63 Cal.App.4th 1364, 1368.) [The receiver] bills Phillips at $225 per hour. This is reasonable.
>
> "[Appellants] argue[] [the receiver] can charge this amount only if [the receiver] actually pays Phillips this hourly sum. The apparent but incorrect premise is that [the receiver] may bill only for his own fees, and may charge [appellants] only for actual costs of his support staff. [Appellants] cite[] no authority for this premise, which would be contrary to [appellants'] interests: [the receiver] could have elected to perform all the work Phillips did, at his higher rate."

The trial court also addressed appellants' complaint that the receiver utilized Phillips's services to deposit rent checks and update rent rolls. Appellants asserted that the bank where the checks were deposited was in the same building as the receiver's offices. The court first noted that appellants did not cite a basis for their claim that the bank was in the lobby of the receiver's building. The court further noted that the task was perfectly appropriate given the receiver's duties:

> "[Appellants have] not explained why [the receiver] should not be permitted to charge for fees and costs related to depositing rent checks for the receivership. This task is related to the receivership. [Appellants have] not suggested a more cost-effective procedure, except to say that [the receiver] should employ a person with a lower billing rate to deposit the checks. As [the receiver] explains in his response . . . Phillips has worked on this receivership since its inception. She is familiar with the properties and parties involved. . . . [The receiver's] use of Phillips to deposit the rent checks is reasonable."

On January 3, 2013, appellants filed their notice of appeal from the trial court's order.

4

## DISCUSSION

### I. Standard of review

The parties agree that the appropriate standard of review for an order concerning the amount of fees awarded to a receiver is abuse of discretion. (*Melikian v. Aquila, Ltd.* (1998) 63 Cal.App.4th 1364, 1368; see also *City of Santa Monica v. Gonzalez* (2008) 43 Cal.4th 905, 931 ["court rulings on receivership matters are afforded considerable deference on review"].)

Under this standard, "'a trial court's ruling will not be disturbed, and reversal of the judgment is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' [Citation.]" (*People v. Hovarter* (2008) 44 Cal.4th 983, 1004.)

### II. No abuse of discretion occurred

As set forth below, we find no abuse of discretion in the trial court's order.

We first address appellants' contention that the trial court abused its discretion in allowing the receiver to adjust his billing rate from $440 per hour to $550 per hour during the six-year period covered by the report. The trial court reviewed the relevant orders and concluded that the language of those orders permitted the receiver to change his standard hourly billing rate. This decision was reasonable, given the specific language of the orders, which reads, in part: "The Receiver may charge as interim fees his standard hourly billing rate . . . ." The inclusion of the receiver's current billing rate does not require the trial court to deny any charges above that billing rate. Any decision as to the reasonableness of the receiver's hourly billing rate is well within the discretion of the trial court. (*Melikian v. Aquila, Ltd., supra*, 63 Cal.App.4th at p. 1368.)

Next, we address appellants' contention that Phillips's billing rate of $225 per hour was excessive. Appellants offered no comparative rates for employees performing similar job functions. Instead, they claimed that the receiver offered no evidence for the trial court to conclude that Phillips's services, such as depositing checks in a bank, were worth $225 per hour. However, "'[t]he burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a

miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.' [Citations.]" (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 566.) Appellants have failed to show that the rates charged for Phillips's services were unreasonable, especially given her apparent familiarity with the receivership and the numerous properties involved.[2]

Finally, appellants argue that the receiver could not bill $225 per hour for Phillips's services unless the receiver was actually paying Phillips this fee. The trial court rejected this argument, pointing out that appellants' position actually harmed them. If the receiver were not allowed to use employees to perform work associated with the receivership, appellants would be paying the receiver's higher rate for all such work. Thus, the trial court implicitly found that the receiver's actions in delegating work to Phillips was beneficial to appellants. Appellants cite no factual or legal authority for their argument that the receiver may not bill Phillips at an hourly rate which is higher than the hourly rate that he pays her.[3] We find no abuse of discretion.

---

[2]     Appellants briefly mention two other employees, Zachary N. Lake and Carolyn German, whom they claim were billed at hourly rates which exceeded their hourly pay. Appellants make no further argument concerning these two employees. There is no explanation of what their duties were, and no explanation of the basis for appellants' allegation that these two employees were being billed at excessive rates. We therefore decline to address appellants' claims concerning the hourly rates paid to these employees.

[3]     Appellants make much of what they describe as the receiver's "admission" that his employees were a profit center. We disagree with appellants' characterization of the receiver's words. To be more precise, he admitted that he was "not saying [his] firm never profits off employees billing." However, the court confirmed its understanding of the standard practice in the business: "There's no claim by you that by billing some employee at $225 an hour, that that money is simply handed directly to the employee at $225 an hour. That's never the claim . . . ." Appellants' attorney agreed, stating "It's no different than a lawyer billing their paralegal who are full-time employees." Thus, the court's acceptance of the receiver's billing practices for his employees seemed to be based on the court's understanding of how such billing is normally carried out in the industry.

6

## DISPOSITION

The order is affirmed.  Respondent is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


_____, J.
CHAVEZ


We concur:



_____, P. J.
BOREN




_____, J.*
FERNS


_____
* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.